[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: MOTION FOR SUMMARY JUDGMENT
Upon considering all of the materials submitted by the parties in support of and in opposition to the Plaintiff's Motion for Summary Judgment dated September 4, 2002, the Court hereby ORDERS, for the following reasons, that said Motion be DENIED:
In this case, plaintiff Aubrey McKinney seeks money damages in connection with certain serious physical injuries he claims to have suffered in a one-car motor vehicle accident in Yonkers, New York on October 13, 1996. In the First Court of his Amended Complaint, the plaintiff claims that the accident in question and his resulting injuries and losses were proximately caused by the negligence of the vehicle's driver, defendant Ashley Harris. Mr. Harris, he claims, was then operating the subject vehicle with the express permission of Ms. Karen Quarterson, who had rented it for the day from Connecticut Car Rental, Inc. d/b/a Airways Rent-A-Car ("Airways") for a trip to New York City. Ms. Quarterson, who had listed herself on the car rental agreement as the only authorized driver, did not purchase liability insurance for airways because she believed that she would be covered by her mother's automobile liability insurance policy with Progressive Casualty Insurance Company ("Progressive"), on which she was a listed driver. She asked Mr. Harris to drive the vehicle in her stead because she fell ill and was unable to drive.
In the Second Count of his Amended Complaint, the plaintiff seeks coverage for his injuries under Ms. Quarterson's Progressive automobile liability insurance policy. In support of this claim, he asserts that the policy covered the vehicle being operated by Mr. Harris at the time of the accident, and thus that he as an injured person, is entitled to receive payment from Progressive for any compensatory damages awarded to him against Mr. Harris in this case.
The plaintiff first contends that he is entitled to summary judgment because there is no genuine issue of material fact that the rented CT Page 14488 vehicle in which he was riding was covered under Ms. Quarterson's Progressive policy. In support of this case, he produced for the Court's inspection, as an appendix to his supporting Memorandum of Law dated September 4, 2002, portions of a Connecticut Motor Vehicle Policy which both parties have treated as the Progressive policy actually issued to Ms. Quarterson.
Unfortunately for the plaintiff, as the parties discovered at oral argument, the policy language produced for the Court's inspection actually undermines his claim. Insofar as it applies to bodily injury, the policy provides as follows:
Insuring Agreement — Bodily Injury
 Subject to the limits of liability, if you pay a premium for bodily injury liability coverage, we will pay damages, other than punitive, exemplary, or statutory multiple damages, for bodily injury for which an insured person becomes legally responsible because of an accident arising out of the ownership, maintenance or use of a vehicle.
 * * * * Additional Definition
 When used in this Part 1, "insured person" or "insured persons" means:
 1. You or a relative with respect to an accident arising out of the ownership, maintenance, or use of a covered vehicle;
 2. Any person with respect to an accident arising out of that person's use of a covered vehicle with the express or implied permission of you or a relative;
 3. A relative with respect to an accident arising out of the maintenance or use of a non-owned vehicle with the express or implied permission of the owner of the vehicle;
 4. You with respect to an accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle;
CT Page 14489
 * * * *
Progressive Policy, p. 6.
Because the word "you" is defined as "the person shown as the named insured on the Declarations Page, and that person's spouse if residing in the same household; id., p. 5; and the term "relative" is defined as "a person residing in the same household as you, and related to you by blood, marriage or adoption, including a ward, stepchild, or foster child [;]" Id.; the only subsection of the Additional Definitions section that could conceivably afford coverage to defendant Ashley Harris is paragraph 2. That subsection, however, only affords coverage to persons who "use . . . a covered vehicle with the express or implied permission of you or a relative."
A "covered vehicle," in turn, is defined as follows:
a. any vehicle shown on the Declarations Page:
 b. any additional vehicle on the date you become the owner if:
 i. you acquire the vehicle during the policy period shown on the Declarations Page;
ii. we insure all vehicles owned by you; and
 iii. no other insurance policy provides coverage for that vehicle.
 For a vehicle you acquire in addition to any vehicle shown on the Declarations Page, we will provide the broadest coverage we provide for any covered vehicle shown on the Declarations Page. We will provide coverage for a period of thirty (30) days after you become the owner. We will not provide coverage after this thirty (30) day period, unless within this period you ask us to insure the vehicle;
 c. any replacement vehicle on the date you become the owner if:
i. you acquire the vehicle during the policy period shown on the Declarations Page; CT Page 14490
 ii. the vehicle that you acquire replaces one shown on the Declarations Page; and
 iii. no other insurance policy provides coverage for that vehicle.
 If the vehicle that you acquire replaces the own shown on the Declarations Page, it will have the same coverage as the covered vehicle it replaces.
 You must ask us to insure a replacement vehicle
within thirty (30) days after you become the owner
if you want to add or continue coverage under Part IV — Damage To A Vehicle; and
 d. any trailer owned by you while drawn by or attached to a vehicle described in a, b, or c above.
Id., pp. 3-4. Plainly, a rented vehicle is not a "covered vehicle" under the words of the policy because it is not listed on the Declarations Page and it is not "owned" by the insured, within the meaning of the following policy definition:
9. "Owned" means the person:
a. holds legal title to the vehicle;
 b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six months or more; or
 c. has legal possession of the vehicle that is leased to the person under a written agreement for a continuous period of six (6) months or more.
Id., p. 4. By necessary implication, a vehicle leased for less than six (6) months is not an owned vehicle, and thus not a "covered vehicle" to which coverage applies.
Notwithstanding the foregoing analysis, the plaintiff claims that in this case, the rented vehicle in which he was injured was covered under Ms. Quarterson's Progressive policy as a matter of law because of Progressive's asserted non-compliance with the requirements of General CT Page 14491 Statutes § 38a-335 (b). Section 38a-335 (b) provides, in pertinent part, as follows:
 Each automobile liability policy issued, renewed, amended or endorsed on or after October 1, 1988, and covering a private passenger motor vehicle . . ., shall contain or have attached thereto a conspicuous statement specifying whether the policy provides liability, collision or comprehensive coverage for damage to a rented private passenger motor vehicle and, where the policy provides such coverage, the limit of coverage provided and whether any deductible amount applies.
Here, claims the plaintiff, the subject policy makes no reference to rented vehicles at all, much less provides the specific information required by statute in a "conspicuous" manner.
The Court is inclined to agree with the plaintiff that the policy portions submitted for its review fall short of making a "conspicuous statement" as to the availability or unavailability of coverage for a rented private passenger motor vehicle thereunder. On this record, however, there are two important reasons why this documented shortcoming cannot result in the granting of summary judgment. First, all the Court has received are "portions" of a Progressive insurance policy, not the entire policy. It is not established, by affidavit or otherwise, that these are even portions of Ms. Quarterson's actual policy, much less the only portions in which a conspicuous statement concerning rental car coverage might have appeared.
Secondly, and no less importantly, the lack of a conspicuous statement about rental car coverage in, the policy is not dispositive of this issue, for the relevant statute very clearly permits such a statement to be made either in the policy or in another document "attached to" the policy. Here, absent some definitive evidence to establish that the documents presented to the Court are the only documents in which a statement complying with Section 38a-335 (b) could have been made, the absence of such a statement in selected portions of the policy do not warrant the granting of summary judgment. CT Page 14492
For all of the foregoing reasons, the Court hereby concludes that the Plaintiff's Motion for Summary Judgment must be DENIED.
IT IS SO ORDERED this 14th day of November, 2002. ___________________, J. Michael R. Sheldon CT Page 14493